(166 App. Div. 961)

PEOPLE v. CANALE.

(Supreme Court, Appellate Division, Fourth Department. January, 1915.)

1. CRIMINAL LAW &wkey;783½—EVIDENCE—INSTRUCTIONS.
   Where the only issue of fact to be determined by the jury was whether defendant permitted gambling upon the premises where liquor was being sold, a refusal to exclude the evidence of acts of prostitution and of maintaining a house of ill fame was error.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1879, 1986; Dec. Dig. &wkey;783½.]

2. CRIMINAL LAW &wkey;539—EVIDENCE—OTHER PROCEEDINGS.
   In such prosecution, the admission of the testimony of witnesses given in the city court upon the trial of defendant under an accusation of crime not involved in this prosecution was error.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1230; Dec. Dig. &wkey;539.]

Appeal from Steuben County Court.

Leo Canale was convicted of an offense against the liquor laws, and he appeals. Reversed, and new trial granted.

Argued before KRUSE, P. J., and LAMBERT, MERRELL, FOOTE, and ROBSON, JJ.

Thos. F. Rogers, of Corning, for appellant.
Claude V. Stowell, of Corning, for the People.

PER CURIAM. [1] Upon the conclusion of the evidence, the court having ruled that the only issue of fact to be determined by the jury was that of permitting gambling upon the premises where liquor was being sold, it was error to refuse to advise the jury to disregard the evidence of acts of prostitution and of maintaining a house of ill fame. It was also error to admit in evidence, over the objection and exception of the defendant, the records of convictions of May Wilson and Grace Ellis.

[2] It was also error to receive in evidence, over the defendant's objection and exception, the testimony of the witnesses given in the City Court upon the trial of the defendant under an accusation of a crime not involved in this case. The judgment of conviction of the defendant should be reversed and a new trial granted.

Judgment of conviction reversed, and new trial granted.